# EXHIBIT K

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/754,337 | 04/05/2010 | Denise Demarais | 578568015US4 | 6524 |

28390      7590      08/29/2013
MEDTRONIC VASCULAR, INC.
IP LEGAL DEPARTMENT
3576 UNOCAL PLACE
SANTA ROSA, CA 95403

| EXAMINER |
|---|
| SMITH, KAITLYN ELIZABETH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3739 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/29/2013 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

rs.vasciplegal@medtronic.com
medtronic_cv_docketing@cardinal-ip.com

| Office Action Summary | Application No. 12/754,337 | Applicant(s) DEMARAIS ET AL. |
| --- | --- | --- |
| | Examiner KAITLYN SMITH | Art Unit 3739 | AIA (First Inventor to File) Status No |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _3_ MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on _23 April 2013_.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL**.        2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

5) ☒ Claim(s) _31-50_ is/are pending in the application.
   5a) Of the above claim(s) _37-40_ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) _31-36 and 41-50_ is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10) ☐ The specification is objected to by the Examiner.
11) ☒ The drawing(s) filed on _05 April 2010_ is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All    b) ☐ Some *  c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
   * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1) ☒ Notice of References Cited (PTO-892)
2) ☒ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date _03/17/2011, 05/25/2012, 02/05/2013, 2 IDS 05/23/2013, 05/29/2013 and 06/04/2013_.
3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
4) ☐ Other: _____.

## DETAILED ACTION

1.      It is noted that claim elements that use the word "means" are presumed to invoke

35 U.S.C. 112(f) or 35 U.S.C. 112 (pre-AIA), sixth paragraph except as otherwise

indicated in the Office Action.  Similarly, claim elements that do not use the word

"means" are presumed not to invoke 35 U.S.C. 112(f) or 35 U.S.C. 112 (pre-AIA), sixth

paragraph except as otherwise indicated in the Office Action.

### *Information Disclosure Statement*

2.      Applicant should note that the large number of references in the attached IDS

have been considered by the examiner in the same manner as other documents in

Office search files are considered by the examiner while conducting a search of the

prior art in a proper field of search.  **See MPEP 609.05(b).**  Applicant is requested to

point out any particular references in the IDS which they believe may be of particular

relevance to the instant claimed invention in response to this office action.

### *Election/Restrictions*

3.      Applicant's election without traverse of Species L in the reply filed on 23 April

2013 is acknowledged.

### *Claim Rejections - 35 USC § 112*

4.      The following is a quotation of 35 U.S.C. 112(a):
(a) IN GENERAL.—The specification shall contain a written description of the invention, and
of the manner and process of making and using it, in such full, clear, concise, and exact terms
as to enable any person skilled in the art to which it pertains, or with which it is most nearly
connected, to make and use the same, and shall set forth the best mode contemplated by the
inventor or joint inventor of carrying out the invention.

The following is a quotation of 35 U.S.C. 112 (pre-AIA), first paragraph:
The specification shall contain a written description of the invention, and of the manner and
process of making and using it, in such full, clear, concise, and exact terms as to enable any
person skilled in the art to which it pertains, or with which it is most nearly connected, to make

and use the same and shall set forth the best mode contemplated by the inventor of carrying
out his invention.

5.      **Claim 45 is rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), first**

**paragraph, as failing to comply with the enablement requirement.**

6.      The claim(s) contains subject matter which was not described in the specification

in such a way as to enable one skilled in the art to which it pertains, or with which it is

most nearly connected, to make and/or use the invention. There is no description as to

how the signal generator is configured to create a reverse thermal gradient between the

blood vessel wall and the target neural tissue.  In fact the specification points to the

focusing as the way to produce the claimed reverse thermal gradient.

7.      The following is a quotation of 35 U.S.C. 112(b):
        (b)  CONCLUSION.—The specification shall conclude with one or more claims particularly
        pointing out and distinctly claiming the subject matter which the inventor or a joint inventor
        regards as the invention.

        The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:
        The specification shall conclude with one or more claims particularly pointing out and distinctly
        claiming the subject matter which the applicant regards as his invention.

8.      **Claims 44 and 47 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-**

**AIA), second paragraph, as being indefinite for failing to particularly point out and**

**distinctly claim the subject matter which the inventor or a joint inventor, or for**

**pre-AIA the applicant regards as the invention.**

9.      Claim elements "means for controlling the thermal neuromodulation therapy

delivered to the target neural fibers using data from the temperature sensor" and

"means for controlling the application of ultrasound thermal treatment via the thermal

element based on the monitored parameter" are limitations that invokes 35 U.S.C.

112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph. However, the written description fails

to disclose the corresponding structure, material, or acts for the claimed function. There is no disclosure of the corresponding structure or materials that perform the claimed function

Applicant may:

(a)     Amend the claim so that the claim limitation will no longer be interpreted as a limitation under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph; or

(b)     Amend the written description of the specification such that it expressly recites what structure, material, or acts perform the claimed function, without introducing any new matter (35 U.S.C. 132(a)).

If applicant is of the opinion that the written description of the specification already implicitly or inherently discloses the corresponding structure, material, or acts so that one of ordinary skill in the art would recognize what structure, material, or acts perform the claimed function applicant should clarify the record by either:

(a)     Amending the written description of the specification such that it expressly recites the corresponding structure, material, or acts for performing the claimed function and clearly links or associates the structure, material, or acts to the claimed function, without introducing any new matter (35 U.S.C. 132(a)); or

(b)     Stating on the record what the corresponding structure, material, or acts, which are implicitly or inherently set forth in the written description of the specification, perform the claimed function. For more information, see 37 CFR 1.75(d) and MPEP §§ 608.01(o) and 2181.

*Claim Rejections - 35 USC § 103*

10.    The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis

for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described
> as set forth in section 102 of this title, if the differences between the subject matter sought to
> be patented and the prior art are such that the subject matter as a whole would have been
> obvious at the time the invention was made to a person having ordinary skill in the art to which
> said subject matter pertains.  Patentability shall not be negatived by the manner in which the
> invention was made.

**11.    Claims 31, 32, 34-36, 41-44 and 46-50 are rejected under pre-AIA 35 U.S.C.**

**103(a) as being unpatentable over US 5,368,591 to Lennox (Lennox) in view of US**

**6,254598 B1 to Edwards et al. (Edwards).**

12.    Lennox teaches heated balloon catheters (title) comprising a catheter sized and

shaped for intravascular placement within a renal blood vessel of a human patient (Col.

7, lines 10-12), electrical contacts (22 and 24) located inside inflatable balloon (8) and a

temperature sensor (26) wherein the catheter is configured to vary between a reduced

delivery and retrieval configuration and an expanded deployed configuration (see entire

document).  The balloon catheter is connected to RF power supply (50) and

temperature control circuitry (38) such that data from the temperature sensor is used for

feedback control of the heating (Fig. 4 and claims) where the temperature is set by the

user.  However, Lennox does not teach one or more ultrasound transducers positioned

along the catheter.

13.    Edwards teaches an analogous apparatus (10) comprising a catheter (18), an

inflatable balloon (25) and one or more ultrasound transducers (22 and Col. 6, lines 45-

64) positioned along the catheter.  The one or more ultrasound transducers may be

positioned within the inflatable balloon (Figs. 2d and 2e) and may be attached directly to

the inflatable balloon (2d and 2e). Edwards teaches an ultrasound signal generator (Col.

6, lines 45-64 as well as a temperature sensor (29 and Col. 9, lines 14-27) where data from the temperature sensor is used for feedback control (Col. 9, lines 14-27) and an imaging transducer (Col. 12, lines 29-37). It would have been obvious to one having ordinary skill in the art at the time of the invention to have substituted the ultrasound energy of Edwards for the RF energy of Lennox as an obvious substitution of one known heating means for another. Similarly, the inclusion of the imaging would allow for the energy to be correctly directed to the tissue to be treated.

14. Regarding the ultrasound transducer being concave so as to self-focus the ultrasound energy, it is know that transducer elements may employ a concave shape to focus ultrasound energy. Therefore, it would have been obvious to one having ordinary skill in the art at the time of the invention to have utilized a concave shaped transducer element to focus the ultrasound energy as desired (see for example US 5,588,434).

15. Regarding the sensor comprises an imaging transducer, it is known to convert ultrasound imagining data into temperature imaging data for ultrasound treated patient tissue to monitor the ultrasound treatment (see for example US 2003/0013971). Therefore, it would have been obvious to one having ordinary skill in the art at the time of the invention to have utilized an imagining transducer as the sensor as this is a known way to monitor the ultrasound treatment.

16. Regarding the functional language of the catheter being configured to transmit ultrasound waves to renal neural fibers outside the vessel to thermally induce of target fibers while protecting non-target tissue in the blood vessel all from thermal injury and the apparatus configured to deliver high intensity focused ultrasound, a recitation of the

intended use of the claimed invention must result in a structural difference between the

claimed invention and the prior art in order to patentably distinguish the claimed

invention from the prior art.  If the prior art structure is capable of performing the

intended use, then it meets the claim.

17.    **Claims 31-33, 35, 36, 41-44 and 46-50 are rejected under pre-AIA 35 U.S.C.**

**103(a) as being unpatentable over US 5,368,591 to Lennox et al. (Lennox) in view**

**of US 6,954,977 B2 to Maguire et al. (Maguire)**.

18.    Lennox teaches heated balloon catheters (title) comprising a catheter sized and

shaped for intravascular placement within a renal blood vessel of a human patient (Col.

7, lines 10-12), electrical contacts (22 and 24) located inside inflatable balloon (8) and a

temperature sensor (26) wherein the catheter is configured to vary between a reduced

delivery and retrieval configuration and an expanded deployed configuration (see entire

document).  The balloon catheter is connected to RF power supply (50) and

temperature control circuitry (38) such that data from the temperature sensor is used for

feedback control of the heating (Fig. 4 and claims) where the temperature is set by the

user.  However, Lennox does not teach one or more ultrasound transducers positioned

along the catheter.

19.    Maguire teaches an analogous circumferential ablation apparatus (title) the

apparatus including a catheter (201) with a fluid inflatable balloon (212) proximate one

or more ultrasound transducers positioned along the catheter (Col. 17, line 56-Col. 18,

line 11 and Fig. 2) and an ultrasound signal generator (Col. 17, line 56-Col. 18, line 11).

The inflatable balloon comprises an acoustically transmissive portion and an

acoustically reflective portion (Col. 39, lines 23-44). It would have been obvious to one

having ordinary skill in the art at the time of the invention to have substituted the

ultrasound energy of Maguire for the RF energy of Lennox as an obvious substitution of

one known heating means for another. This is particularly true as Maguire teaches that

many structures can perform the heating (Col. 17, line 56-Col. 18, line 11).

20.     Regarding the ultrasound transducer being concave so as to self-focus the

ultrasound energy, it is know that transducer elements may employ a concave shape to

focus ultrasound energy. Therefore, it would have been obvious to one having ordinary

skill in the art at the time of the invention to have utilized a concave shaped transducer

element to focus the ultrasound energy as desired (see for example US 5,588,434).

21.     Regarding the sensor comprises an imaging transducer, it is known to convert

ultrasound imagining data into temperature imaging data for ultrasound treated patient

tissue to monitor the ultrasound treatment (see for example US 2003/0013971).

Therefore, it would have been obvious to one having ordinary skill in the art at the time

of the invention to have utilized an imagining transducer as the sensor as this is a

known way to monitor the ultrasound treatment.

22.     Regarding the functional language of the catheter being configured to transmit

ultrasound waves to renal neural fibers outside the vessel to thermally induce of target

fibers while protecting non-target tissue in the blood vessel all from thermal injury and

the apparatus configured to deliver high intensity focused ultrasound, a recitation of the

intended use of the claimed invention must result in a structural difference between the

claimed invention and the prior art in order to patentably distinguish the claimed

invention from the prior art.  If the prior art structure is capable of performing the

intended use, then it meets the claim.

**23.     Claim 45 is rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable**

**over Lennox and Edwards or Lennox and Maguire as applied to claim 42 above,**

**and further in view of US 5,471,988 to Fujio et al. (Fujio).**

24.     Lennox and Edwards or Lennox and Maguire teach the apparatus of claim 42,

but not the creation of a reverse thermal gradient.  Fujio teaches an ultrasonic diagnosis

and therapy system in view the variant of expansion of the balloon (433a) is adjusted for

the adjustment in depth, and after the positioning adjustment of the focused point

against the treatment region, ultrasonic waves are irradiated into the region (Col. 55,

lines 25-36).  It would have been obvious to one having ordinary skill in the art at the

time of the invention to have included the focusing of Fujio in order to select the focal

point of treatment.  Therefore, this combination also teaches the requirements of a

thermal gradient as Fujio allows for selection of the focal point of the ultrasonic energy

thereby creating a thermal gradient.

### Conclusion

25.     Any inquiry concerning this communication or earlier communications from the

examiner should be directed to KAITLYN SMITH whose telephone number is (571)270-

5845.  The examiner can normally be reached on Monday - Friday 9:00 a.m. to 5:30

p.m. EDT.

26.     If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Linda C.M. Dvorak can be reached on (571)272-4764.  The fax phone

number for the organization where this application or proceeding is assigned is 571-273-8300.

27.    Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/KAITLYN SMITH/
Examiner, Art Unit 3739

/Linda C Dvorak/
Supervisory Patent Examiner, Art Unit 3739