EXHIBIT L

| | | |
|---|---|---|
| Appln. No. | : | 12/754,337  Confirmation No.: 6524 |
| Applicant | : | DEMARAIS, Denise, et al. |
| Filed | : | April 5, 2010 |
| TC/A.U. | : | 3739 |
| Examiner | : | SMITH, Kaitlyn Elizabeth |
| | | |
| Docket No. | : | P40976.04 |
| Customer No. | : | 28390 |
| Title | : | **ULTRASOUND APPARATUSES FOR THERMALLY-INDUCED RENAL NEUROMODULATION** |

Mail Stop AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT

Madam:

In response to the Non-Final Office Action mailed August 29, 2013, please amend the above-identified application as set forth below.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks/Arguments** begin on page 6 of this paper.

## REMARKS/ARGUMENTS

The undersigned attorney and her colleagues, Jim Crittenden of Medtronic, Inc. and Aaron Poledna, wish to thank the Examiner for holding a personal interview on October 2, 2013, to discuss the present Office Action, the applied references (Lennox, Edwards, and Maguire), and the pending claims. The undersigned attorney and her colleagues also thank the Examiner for the exchange of telephone calls on October 10, 2013, to further discuss these matters. The applicants request that this paper constitute the applicants' Interview Summary. If the Examiner notices any deficiencies with this paper in this regard, she is encouraged to contact the undersigned attorney to correct such deficiencies.

Claims 31 and 35-50 are presently pending in this application, with claims 37-40 previously withdrawn in response to a Restriction Requirement. Claim 31 has been amended to further clarify certain features of this claim to expedite prosecution of this application, and without prejudice to or disclaimer of pursing the subject matter of this claim in a continuation or other application. Claim 47 has been amended merely to correct a minor typographical error. Claims 32-34 have been cancelled without prejudice.

In the August 29, 2013 Office Action, claims 31-36 and 41-50 were rejected. More specifically, the status of the application in light of this Office Action is as follows:

(A)  Claim 45 was rejected under 35 U.S.C. § 112(a) / 35 U.S.C. § 112 (pre-AIA), first paragraph;

(B)  Claims 44 and 47 were rejected under 35 U.S.C. § 112(b) / 35 U.S.C. § 112 (pre-AIA), second paragraph;

(C)  Claims 31, 32, 34-36, 41-44, and 46-50 were rejected under 35 U.S.C. § 103(a) over the combination of U.S. Patent No. 5,368,591 to Lennox et al. ("Lennox") and U.S. Patent No. 6,254,598 to Edwards et al. ("Edwards");

(D) Claims 31-33, 35, 36, 41-44, and 46-50 were rejected under 35 U.S.C. § 103(a) over the combination of Lennox and U.S. Patent No. 6,954,977 to Maguire et al. ("Maguire"); and

(E) Claim 45 was rejected under 35 U.S.C. § 103(a) over the combination of Lennox, Edwards, Maguire, and U.S. Patent No. 5,471,988 to Fujio et al. ("Fujio").

The following remarks summarize and expand upon the results of the October 2nd personal interview and October 10th telephone calls, and they also reflect the agreements reached between the undersigned attorney, Mr. Crittenden, Mr. Poledna, and the Examiner during the personal interview and follow-up telephone conference. For example, the following remarks reflect the Examiner's acknowledgement that the applied references Lennox, Edwards, and/or Maguire fail to support a *prima facie* Section 103 rejection of amended independent claim 31 and the claims depending therefrom, and that the outstanding rejections of these claims should be withdrawn.

A.  Response to the Section 112 Rejection of Claim 45

Claim 45 was rejected under 35 U.S.C. § 112(a) / 35 U.S.C. § 112 (pre-AIA), first paragraph. Claim 45 has been amended in accordance with the Examiner's suggestion and, accordingly, the Section 112 rejection of this claim should be withdrawn.

B.  Response to the Section 112 Rejection of Claims 44 and 47

Claims 44 and 47 were rejected under 35 U.S.C. § 112(b) / 35 U.S.C. § 112 (pre-AIA), second paragraph. In particular, the Examiner rejected certain "means-plus-function" elements of claims 44 and 47 because the Specification allegedly fails to "disclose the corresponding structure, material or acts for the claimed function." (Office Action, page 4.)

The applicants respectfully disagree with the Office Action's conclusion and submit that the Specification provides ample support for the various features of claims 44 and 47. Claim 44, for example, recites "means for controlling the thermal neuromodulation therapy delivered to the target neural fibers using data from the

temperature sensor." Support for this feature of claim 44 may be found at least at paragraphs [0040], [0052], and [0080] of the originally filed application.

Claim 47 recites, *inter alia*, "means for controlling the application of ultrasound thermal treatment via the thermal element based on the monitored parameter." At least one example of "means for controlling the application of ultrasound thermal treatment" is given in paragraph [0040]. Further examples are also provided in at least paragraphs [0052] and [0080].[i] Accordingly, for at least the foregoing reasons, the applicants respectfully submit that the Specification describes sufficient structure, material, or acts for each of the features of claims 44 and 47 to meet the requirements of Section 112(b) / Section 112 (pre-AIA), second paragraph. Thus, for at least the foregoing reasons, the Section 112 rejections of claims 44 and 47 should be withdrawn.

C. Response to the Section 103 Rejection of Claims 31, 32, 34-36, 41-44, and 46-50 (Lennox and Edwards)

Claims 31, 32, 34-36, 41-44, and 46-50 were rejected under 35 U.S.C. § 103(a) over the combination of Lennox and Edwards. As stated above, the Examiner acknowledged during the October 2nd personal interview that Lennox and Edwards cannot support a proper Section 103 rejection of amended independent claim 31 and the claims depending therefrom (claims 32, 34-36, 41-44, and 46) for at least the reason that these references, either individually or in combination, fail to disclose or suggest all the claimed features. As discussed during the October 2nd personal interview, the applicants further respectfully submit that it would not have been obvious to modify the express teachings of Lennox in view of Edwards to come up with the features of claim 31 or the claims depending therefrom. Accordingly, in view of the foregoing and the agreements reached during the October 2nd personal interview, the Section 103 rejection of claims 31, 32, 34-36, 41-44, and 46 over Lennox and Edwards should be withdrawn.

---

[i] These passages are merely examples of structure, material, or acts supporting the recited claim features of claims 44 and 47. These passages are not intended as an exhaustive list of descriptions in the Specification that describe and support all of the features of these claims.

Independent claim 47 includes several features generally similar to the features of allowable claim 31. Accordingly, the Section 103 rejection of claim 47 should be withdrawn for at least the reasons discussed above with reference to claim 31, and for the additional features this independent claim. Therefore, the applicants respectfully request withdrawal of the Section 103 rejection of claim 47 and the claims depending therefrom (claims 48-50).

D.  Response to the Section 103 Rejection of Claims 31-33, 35, 36, 41-44, and 46-50 (Lennox and Maguire)

Claims 31-33, 35, 36, 41-44, and 46-50 were rejected under 35 U.S.C. § 103(a) over the combination of Lennox and Maguire. As stated above, the Examiner further acknowledged during the October 2nd personal interview and subsequent October 10th telephone calls that Lennox and Maguire cannot support a proper Section 103 rejection of amended independent claim 31 and the claims depending therefrom (claims 32, 33, 35, 36, 41-44, and 46) for at least the reason that these references, either alone or in combination, fail to disclose or suggest all the claimed features. As discussed during the October 2nd personal interview, the applicants further respectfully submit that it would not have been obvious to modify the express teachings of Lennox in view of the teachings of Maguire to come up with the features of claim 31 or the claims depending therefrom. Accordingly, in light of the foregoing and the agreements reached during the October 2nd personal interview and the October 10th telephone call, the Section 103 rejection of claims 31-33, 35, 36, 41-44, and 46 over Lennox and Maguire should be withdrawn.

Independent claim 47 includes several features generally similar to the features of allowable claim 31. Accordingly, the Section 103 rejection of claim 47 should be withdrawn for at least the reasons discussed above with reference to claim 31, and for the additional features this independent claim. Therefore, the applicants respectfully request withdrawal of the Section 103 rejection of claim 47 and the claims depending therefrom (claims 48-50).

E.     <u>Response to the Section 103 Rejection of Claim 45 (Lennox, Edwards, Maguire, and Fujio)</u>

Claim 45 was rejected under 35 U.S.C. § 103(a) over the combination of Lennox, Edwards, Maguire, and Fujio. Claim 45 depends from base claim 31. As discussed above, Lennox, Edwards, and Maguire fail to disclose or suggest all the features of claim 31. Fujio fails to cure the deficiencies of Lennox, Edwards, and/or Maguire to support a *prima facie* Section 103 rejection of base claim 31, regardless of whether Fujio provides the teachings for which it was cited (which the applicants do not concede). Accordingly, dependent claim 45 is allowable over the combination of Lennox, Edwards, Maguire, and Fujio for at least the reason that these references, either alone or in combination, fail to disclose or suggest the features of claim 31, and the additional features of dependent claim 45. Therefore, the Section 103 rejection of claim 45 should be withdrawn.

F.     <u>Rejoinder of Withdrawn Claims 37-40</u>

The undersigned attorney respectfully requests that the Examiner rejoin and allow claims 37-40. Claims 37-40 depend from allowable generic independent claim 31. Thus, in accordance with MPEP § 821.04, these claims should be rejoined and allowed.

## Conclusion

The applicants again would like to thank the Examiner for holding the October 2nd personal interview and October 10th telephone calls to discuss the present application. For at least the foregoing reasons, the applicants believe all the pending claims are in condition for allowance and should be passed to issue. The Commissioner is hereby authorized to charge any additional fees which may be required, or credit any overpayment, to Deposit Account No. 01-2525. If the Examiner feels that a telephone conference would in any way expedite the prosecution of the application, please do not hesitate to call the undersigned at (650) 417-6562.

Respectfully submitted,

Dated: October 31, 2013

/Jeffie A. Kopczynski/  
Jeffie A. Kopczynski  
Registration No. 56,395  
Attorney for Applicant

Medtronic Vascular, Inc.  
3576 Unocal Place  
Santa Rosa, CA 95403