UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RECOR MEDICAL, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDTRONIC IRELAND MANUFACTURING UNLIMITED CO., et al.,<br><br>    Defendants. | Case No. 22-cv-03072-TLT (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 115 |

On December 3, 2024, Recor served its third set of interrogatories ("rogs") (Nos. 8-21) on Medtronic. Medtronic objected to rogs 14, 15 and 19 as compound, then refused to respond to rogs 20 and 21, claiming that Recor had exceeded the agreed-upon maximum of 25 rogs. The parties have filed a joint discovery letter brief concerning the rog counting dispute. ECF No. 115.

In counting rogs, "most courts have followed what is sometimes referred to as the 'related question' approach. In an effort to give some specificity to the inquiry, the test applied under the 'related question' approach is generally stated as follows: subparts that are logically or factually subsumed within and necessarily related to the primary question should not be treated as separate interrogatories." *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 196 (E.D. Tex. 2016) (collecting cases); *see also Synopsys, Inc. v. ATopTech, Inc.*, 319 F.R.D. 293, 294 (N.D. Cal. 2016) ("Although [Rule 33] does not define the term 'discrete subparts,' courts have construed it to mean that interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.") (citations omitted). This Court follows that approach as well.

    Rog 14 asks:
> Describe the itemized costs associated with all work leading to the design and development by or on behalf of Medtronic or Ardian of any device for renal neuromodulation for use in humans, including the nature of the work performed, the dates of the work performed, the individuals involved in performing the work, and a breakdown of the associated costs; identify all Documents that show or reflect the

> information set forth in your response; and identify the three persons most knowledgeable about the subject matter of this interrogatory.

This is two rogs because it addresses two different primary subjects: a description of all the work done to design and develop renal neuromodulation devices, and an itemization of all the costs for that design and development. A description of all the work done, including the dates of the work performed, the individuals involved in performing the work, the documents that reflect that work, and people knowledgeable about that work all embrace the primary subject of the work that was done, and that description wouldn't need to say anything about itemized costs. The itemized costs include totally different things, such as labor and vendor costs and other expense itemization, and the documents that show the itemized costs are likely distinct from those that describe the design and development work.

Recor's pitch is that rog 14 just asks about costs, and the nature of the work performed just fleshes out what the costs were for. The Court doesn't buy it. An invoice submitted by a law firm to a client typically describes in some detail the work that the attorneys did because the firm wants the invoice to serve a second function of persuasively showing that these expenses were necessary and worthwhile. But that is a second function. There is no reason why describing itemized costs, by itself, would have much information about the nature of the work done. Rog 14 seeks detailed information about the nature of the work done, and that is a second primary subject.

Rog 15 asks:

> For each product Medtronic or Ardian made, used, offered for sale, sold, or imported into the United States (alone or in conjunction with another company) related to renal neuromodulation, identify how much time and money Medtronic or Ardian invested to make, use, offer for sale, sell, and/or import each (or overall); whether each such product embodies/embodied any claim of any Asserted Patent or related patents or applications (and if so, which); the start and end dates of making, using, offering for sale, selling, or importing into the United States each such product; how much money, if any, Medtronic or Ardian made by offering for sale, selling, or licensing each such product, including overall and on a period basis (e.g., monthly, quarterly, annually), as well as the number of units, uses, and/or licenses sold; all Documents that show or reflect the information set forth in your response; and the three persons most knowledgeable about the same.

As an initial matter, sometimes in patent cases a litigant will argue that each product or each patent is a separate rog. Medtronic does not advance that argument here, and so the Court

2

does not consider it.

The Court thinks that rog 15 is one rog.  It seeks "the legal and factual basis for a damages calculation," which is "just one interrogatory."  *Finjan, Inc. v. Qualys Inc*., 2020 WL 4923964, *2 (N.D. Cal. Aug. 21, 2020).  The rog seeks information about (1) costs ("how much time and money Medtronic or Ardian invested to make, use, offer for sale, sell, and/or import each (or overall)"); (2) revenues ("how much money, if any, Medtronic or Ardian made by offering for sale, selling, or licensing each such product, including overall and on a period basis (e.g., monthly, quarterly, annually)"); (3) sales data ("the start and end dates of making, using, offering for sale, selling, or importing into the United States each such product" and "the number of units, uses, and/or licenses sold"); and (4) whether these costs, revenues and sales data relate to the patents at issue ("whether each such product embodies/embodied any claim of any Asserted Patent or related patents or applications (and if so, which)").  This is all one primary subject, namely, a patent infringement damages calculation.

Rog 19 asks:

> Describe your commercial assessment of the market or markets for the Symplicity System from any time prior to the launch of the Symplicity System to the present, including but not limited to: market assessments that you considered in your decision to launch the Symplicity System; the expected market and patient population related to the Symplicity System; products that compete or might compete with the Symplicity System; changes in the market that affected your promotion of the Symplicity System; and any factors you considered regarding whether a patient should switch to or start the Symplicity System.

Rog 19 is one rog.  It is about one primary subject, namely, Medtronic's commercial assessment of the market or markets for the Symplicity System.  The listed subparts all relate to that one primary subject.

Accordingly, the Court **ORDERS** that rogs 14, 15 and 19 collectively count as 4 rogs.

**IT IS SO ORDERED.**

Dated: February 7, 2025

THOMAS S. HIXSON
United States Magistrate Judge

3