United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RECOR MEDICAL, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MEDTRONIC IRELAND MANUFACTURING UNLIMITED CO., et al.,<br><br>　　　　Defendants. | Case No.  22-cv-03072-TLT   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 120 |

Fact discovery is still ongoing, *see* ECF No. 96, and in ECF No. 120, Recor "moves pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel Medtronic to identify ten out of the fifteen witnesses listed in its Initial Disclosures that Medtronic may rely on for summary judgment or may call as witnesses at trial." *Id*. at 3.  Recor says it wants to limit the depositions it takes to the people Medtronic will use on summary judgment or at trial and does not want to waste time and money deposing witnesses Medtronic is never going to use.  Efficiency is an admirable instinct, but the Court doesn't think it can force Medtronic to make that decision now.  Nor does Recor identify anything in Rule 37, or in any other rule, that would authorize such an order at this stage of the case.

The Court understands the problem that an overdesignation in the initial disclosures may tend to obscure the witnesses you want to depose.  But litigants rarely base their deposition decisions solely on the other side's initial disclosures.  Normally they rely more on the documents that get produced to identify which witnesses they want to depose.

Initial disclosures also rarely make clear who will be submitting declarations on summary judgment or who will be testifying at trial.  That's because initial disclosures are supposed to

disclose "each individual likely to have discoverable information . . . that the disclosing party *may* use to support its claims or defenses . . . ." Fed. R. Civ. Proc. 26(a)(1)(A)(i) (emphasis added). This list may be overinclusive because it is not a list of who the disclosing party *will* use.

It sure would be convenient during fact discovery to have a binding list of ten people that your opponent can use later in the case, because then you would know exactly who to depose. On the other hand, that's a mighty big commitment to make before discovery is even over and long before you know what your opponent is going to say on summary judgment. What if the other side's summary judgment motion raises an argument you didn't anticipate, you have the perfect witness to address it, but she's not on your list of ten? After all, it's not like you know for sure everything your opponent will say one day on summary judgment.

In short, there are good reasons why federal courts do not require this kind of commitment at this stage of the case. That may, and normally does, change later when pretrial disclosures are required, *see* Fed. R. Civ. Proc. 16(c)(2)(G) ("At any pretrial conference, the court may consider and take appropriate action on the following matters . . . identifying witnesses and documents, scheduling the filing and exchange of any pretrial briefs, and setting dates for further conference and for trial), but we're still in fact discovery. There's no basis to require this commitment of Medtronic now. Recor's request is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 21, 2025

THOMAS S. HIXSON
United States Magistrate Judge

2