LATHAM & WATKINS LLP
ROGER J. CHIN, Bar No. 184662
roger.chin@lw.com
ALLISON HARMS, Bar No. 299214
allison.harms@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600

MATTHEW J. MOORE (*pro hac vice*)
matthew.moore@lw.com
ASHLEY M. FRY (*pro hac vice*)
ashley.fry@lw.com
JACOB VANNETTE (*pro hac vice*)
jake.vannette@lw.com
DREW W. ROBERTS, Bar No. 337164
drew.roberts@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200

RAMYA VALLABHANENI (*pro hac vice*)
ramya.vallabhaneni@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

*Attorneys for Plaintiff and Counterclaim Defendant Recor Medical, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

RECOR MEDICAL, INC.,

Plaintiff and Counterclaim-Defendant,

v.

MEDTRONIC IRELAND MANUFACTURING UNLIMITED CO.,

Defendant and Counterclaim-Plaintiff,

MEDTRONIC VASCULAR, INC., and MEDTRONIC, INC.

Defendants.

Case No. 3:22-cv-03072-TLT

**PLAINTIFF RECOR MEDICAL, INC.'S MOTION TO DISMISS MEDTRONIC IRELAND MANUFACTURING UNLIMITED CO.'S COUNTERCLAIMS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(H)(3)**

Date: July 15, 2025
Time: 2:00 p.m.
Place: Courtroom 9, 19th Floor

Judge: Hon. Trina L. Thompson

**REDACTED**

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ........ 1

II. STATEMENT OF THE ISSUES TO BE DECIDED ........ 2

III. STATEMENT OF THE FACTS ........ 2

IV. LEGAL STANDARD ........ 4

V. ARGUMENT ........ 4

A. Medtronic Ireland Lacks An Exclusionary Right That Is Harmed By Recor's Alleged Infringement ........ 5

B. Joinder Cannot Cure Lack Of Article III Standing ........ 8

VI. CONCLUSION ........ 9

# TABLE OF AUTHORITIES

## CASES

*A.L.M. Holding Co. v. Zydex Indus. Priv. Ltd.*,
No. 24-363, 2024 WL 5276676 (D. Del. Nov. 25, 2024) .......... 7, 8

*Abraxis Bioscience, Inc. v. Navinta LLC*,
625 F.3d 1359 (Fed. Cir. 2010) .......... 4, 8

*Cytologix Corp. v. Ventana Med. Sys., Inc.*,
No. 04-11783, 2007 WL 3037404 (D. Mass. Oct. 17, 2007) .......... 6

*Enzo APA & Son, Inc. v. Gaepang A.G.*,
134 F.3d 1090 (Fed. Cir. 1998) .......... 8

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
925 F.3d 1225 (Fed. Cir. 2019) .......... 4, 5, 6

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011) .......... 4

*Morrow v. Microsoft Corp.*,
499 F.3d 1332, (Fed. Cir. 2007) .......... 4, 5, 6, 8

*Quantum Corp. v. Riverbed Tech., Inc.*,
No. 07-04161, 2008 WL 314490 (N.D. Cal. Feb. 4, 2008) .......... 8

*Speedplay, Inc. v. Bebop, Inc.*,
211 F.3d 1245, 1351 (Fed. Cir. 2000) .......... 6

*United Access Techs., LLC v. Verizon Internet Servs., Inc.*,
No. 05-866, 2021 WL 12000650 (D. Del. Mar. 26, 2021) .......... 7

*Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*,
19 F.4th 1315 (Fed. Cir. 2021) .......... 4, 5, 8

*Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. USA, Inc.*,
No. 18-0215, 2020 WL 13303268 (D. Conn. May 11, 2020) .......... 8

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*,
944 F.3d 870 (Fed. Cir. 1991) .......... 6

*Wilson v. ColourPop Cosms., LLC*,
No. 22-5198-TLT, 2023 WL 6787986 (N.D. Cal. Sept. 7, 2023) .......................................... 4

**STATUTES**

35 U.S.C. § 271(a) .......................................................................................................... 2

**RULES**

Fed. R. Civ. P. 12(b)(1)..................................................................................................... 1

Fed. R. Civ. P. 12(h)(3)..................................................................................................... 1

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on July 15, 2025, at 2:00 p.m., or as soon thereafter as this matter may be heard before the Honorable Trina L. Thompson of the United States District Court for the Northern District of California in Courtroom 9, 19th Floor, of 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff and Counterclaim-Defendant Recor Medical, Inc. ("Recor") will move to dismiss the counterclaims of Defendant and Counterclaim-Plaintiff Medtronic Ireland Manufacturing Unlimited Co. ("Medtronic Ireland") for lack of subject-matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure. For the reasons set forth below, Recor requests that the Court dismiss Medtronic Ireland's counterclaims because Medtronic Ireland lacks Article III standing necessary to support this Court's jurisdiction.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Fact discovery in this declaratory judgment action revealed that Medtronic Ireland, the party asserting patent infringement counterclaims against Recor, has lacked Article III standing since the time it pled its counterclaims in this Court well over a year ago. Dkt. No. 23. Seven months before bringing its counterclaims in November 2023, Medtronic Ireland transferred all of its exclusionary rights under the Asserted Patents to non-party Medtronic Vascular Galway Unlimited Company ("Galway"), including its right to [redacted], its right [redacted], and its right to [redacted]. Dkt. No. 139-2, Ex. A. Medtronic Ireland's lack of standing is a fundamental defect that cannot be cured retroactively, including through joinder of Galway as a party.[1] Since Medtronic Ireland lacks exclusionary rights necessary to confer constitutional standing, the counterclaims for patent infringement should be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3).

[1] Two weeks after fact discovery closed, the Medtronic parties (Medtronic Ireland, Medtronic Vascular, Inc. and Medtronic, Inc., collectively "Medtronic") moved to join Galway as a party under Rule 19 of the Federal Rules of Civil Procedure. Dkt. No. 139. Because the Court lacks jurisdiction over Medtronic Ireland's counterclaims, that motion for joinder should be denied as moot. Dkt. No. 145.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

Whether Medtronic Ireland lacks Article III standing to assert its infringement counterclaims, having already relinquished its exclusionary rights under the Asserted Patents at the time it brought its counterclaims.

## III. STATEMENT OF THE FACTS

In April 2023, while this declaratory judgment action was pending, Medtronic Ireland and Galway executed the Exclusive License Agreement. Dkt. No. 139-2, Ex. A. In the Exclusive License Agreement, Medtronic Ireland ("Licensor") transferred exclusive rights in the Asserted Patents to Galway ("Licensee"). Article 2.1 ([redacted]) provides:

[redacted]

*Id.* at 3 (emphasis added). Similarly, Article 2.2 ([redacted]) provides:

[redacted]

*Id.* (emphasis added).[2]

In addition, Article 2.4 of the Exclusive License Agreement specifies that [redacted]. *See id.* § 2.4 ([redacted]); *see also id.* at 8 (Article XI ([redacted]): [redacted]

---

[2] The agreement therefore [redacted].

[redacted]). Indeed, the Exclusive License Agreement [redacted]. *Id.* § 2.5 ([redacted]).

The Exclusive License Agreement further specifies the parties' respective rights and obligations [redacted]. Article 3.6 of the agreement provides:

> [redacted]

*Id.* at 4.

Article 6.1 of the Exclusive License Agreement also provides [redacted]:

> [redacted]

*Id.* at 5.

## IV. LEGAL STANDARD

"Under Rule 12(b)(1), a party may move to dismiss for lack of subject matter jurisdiction." *Wilson v. ColourPop Cosms., LLC*, No. 22-5198-TLT, 2023 WL 6787986, at *2 (N.D. Cal. Sept. 7, 2023). "[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under [Rule] 12(b)(1)." *Id.* (alterations in original) (quoting *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011)).

"To establish constitutional standing under the case-or-controversy requirement of Article III, a plaintiff must demonstrate that it has suffered an 'injury in fact.'" *Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, 19 F.4th 1315, 1323 (Fed. Cir. 2021) (citations omitted). A patent grants "exclusionary rights." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007). These "exclusionary rights" "involve the ability to exclude others from practicing an invention or to 'forgive activities that would normally be prohibited under the patent statutes.'" *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019) (quoting *Morrow*, 499 F.3d at 1342). Thus, "the touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury." *Univ. of S. Fla.*, 19 F.4th at 1323. A party asserting a patent infringement claim must have standing to sue on the date it files its claim. *See Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

As the party asserting infringement, Medtronic Ireland bears the burden to establish injury in fact. *See Wilson*, 2023 WL 6787986, at *2 (the "party invoking federal jurisdiction … bears the burden of establishing" the elements necessary to show standing, including "injury in fact").

## V. ARGUMENT

Medtronic Ireland's infringement counterclaims should be dismissed because Medtronic Ireland licensed away its patent rights. By the time Medtronic Ireland brought infringement counterclaims against Recor, it had granted its exclusionary rights under the Asserted Patents to Galway. Medtronic Ireland did not retain any right to license or to exclude Recor's allegedly

infringing activity. Thus, Medtronic Ireland cannot sustain this action because Galway—not Medtronic Ireland—is the party who would be injured by Recor's alleged infringement. Because it lacks an exclusionary right harmed by Recor's alleged infringement, Medtronic Ireland lacks Article III standing and its counterclaims should be dismissed.

### A. Medtronic Ireland Lacks An Exclusionary Right That Is Harmed By Recor's Alleged Infringement

In April 2023, Medtronic Ireland made the business decision to license away its exclusive rights to the Asserted Patents to Galway. Medtronic Ireland does not have "the ability to exclude" Recor from the alleged infringing activity here—manufacturing and selling the Paradise system in a manner that allegedly practices the Asserted Patents—because it granted Galway [redacted] *See Lone Star*, 925 F.3d at 1234; Dkt. No. 139-2, Ex. A at 3 (§§ 2.1 and 2.2) (emphasis added). Because Medtronic Ireland no longer has "an exclusionary right in [the Asserted Patents] that, if violated by [Recor], would cause [Medtronic Ireland] to suffer legal injury," Medtronic Ireland suffers no injury in fact and thus lacks Article III standing. *Univ. of S. Fla.*, 19 F.4th at 1323; *see Morrow*, 499 F.3d at 1339 ("[t]he party holding the exclusionary rights to the patent suffers legal injury in fact under the statute").

Medtronic Ireland's [redacted] under Section 3.6 of the Exclusive License Agreement is not an exclusionary right sufficient to establish constitutional standing. A patent owner who separates "the right to sue from the underlying legally protected interests," i.e., the "right to exclude," lacks standing. *Morrow*, 499 F.3d at 1342. In *Morrow*, the plaintiff GUCLT held "the right to sue parties" but did not have the right to "grant exclusive and non-exclusive licenses [and] grant the right to sublicence." 499 F.3d at 1341. The Federal Circuit concluded GUCLT did not have exclusionary rights despite holding the right to sue because the agreement at issue "contractually separated the right to sue from the underlying legally protected interests created by the patent statutes—the right to exclude." *Id.* at 1342. In particular, GUCLT—despite having a "right to sue"—lacked "an exclusive license, the exclusive right to license, and the right to sublicense." *Id.* at 1341. As a result, "GUCLT fail[ed] to meet constitutional standing

requirements." *Id.* at 1344. Under controlling Federal Circuit law, the [redacted] is simply not enough.

Like the agreement in *Morrow*, the Exclusive License Agreement "separated the right to sue from the underlying" right to exclude, including the right to [redacted]. *Id.* Medtronic Ireland, like GUCLT, "fail[s] to meet the constitutional standing requirements" because [redacted]. In other words, Medtronic Ireland's grant of exclusive rights to Galway renders its [redacted] illusory and insubstantial. Accordingly, because Medtronic Ireland's [redacted] is detached from the underlying exclusive rights in the patents that it granted to Galway, that right cannot confer constitutional standing. *See Lone Star*, 925 F.3d at 1234; *Morrow*, 499 F.3d at 1342; *see also Cytologix Corp. v. Ventana Med. Sys., Inc.*, No. 04-11783, 2007 WL 3037404, at *7 (D. Mass. Oct. 17, 2007) (dismissing suit for lack of standing where patent owner's "litigation rights [we]re subordinate to" the licensee's).

Moreover, Medtronic Ireland's right to [redacted] does not establish Medtronic Ireland's constitutional standing. Under the plain terms of the Exclusive License Agreement, [redacted] (Dkt. No. 139-2, Ex. A at 3 (§ 2.4)), so it is not "significantly restrictive" of Galway's "exclusionary patent rights" to constitute an exclusionary right. *Morrow*, 499 F.3d at 1342 (citing *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1351 (Fed. Cir. 2000) (holding patentee's consent that "shall not be withheld unreasonably" did not "curtail[]" the licensee's "rights in the patent")); *see also Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.3d 870, 875 (Fed. Cir. 1991) ("The [patent owner's unrestricted] sublicensing veto was a minor derogation from the grant of rights."). As stated above, under the Exclusive License Agreement, [redacted]. *See Morrow*, 499 F.3d at 1342 ("[T]he right to license third parties is an important patent right because implicit in the right to exclude is the right to waive that right."). Medtronic Ireland has no right to [redacted] and thus "forgive activities that would normally be prohibited under the patent statutes"—only Galway can. *See Lone Star*, 925 F.3d at 1234 (citing *Morrow*, 499 F.3d at 1342);

*see also United Access Techs., LLC v. Verizon Internet Servs., Inc.*, No. 05-866, 2021 WL 12000650, at *8-9 (D. Del. Mar. 26, 2021) (finding no constitutional standing where plaintiff lacked a right to exclude and noting that "there has never been a case finding constitutional standing for a plaintiff that ultimately cannot settle the lawsuit filed in its name").

Recently, a district court applied *Morrow* to hold that a patent owner lacked Article III standing where that party—like Medtronic Ireland—transferred its exclusionary rights to an exclusive licensee. *See A.L.M. Holding Co. v. Zydex Indus. Priv. Ltd.*, No. 24-363, 2024 WL 5276676, at *1 (D. Del. Nov. 25, 2024). In *Zydex*, the patent owner granted an exclusive license to a third party and retained certain limited rights: (1) "to use the Licensed Products for research and development purposes … [and] to use Licensed Products purchased from" the licensee; (2) to review the "terms and conditions of any [of licensee's] sublicense" "for prior review and approval, which [] shall not be unreasonably withheld"; (3) "to receive royalties from any authorized usage of the patented technology"; (4) "to bring or participate in a lawsuit against potential infringers"; and (5) to "collect damages resulting from litigation of patent infringement." *Id.* at *3-7. Applying *Morrow*, the court held that "none of [those] alleged exclusionary rights," including the right to sue, "establish constitutional standing." *Id.* at *3. These right were "not exclusionary, as they did not involve the exclusive right to make, use, or sell the inventions." *Id.* at *6. As in *Zydex*, Medtronic Ireland's "right to exclude [has been] 'contractually separated' from the right to sue." 2024 WL 5276676, at *6. And the patent owner's right to sue in *Zydex* was even stronger than Medtronic Ireland's here, [redacted] Dkt. 139-2, Ex. A at 4 (§ 3.6(a)).

In addition, as in *Zydex*, Medtronic Ireland's right [redacted] is not sufficient to "claim to have an exclusionary right that confers constitutional standing." 2024 WL 5276676, at *5. Moreover, as in *Zydex*, Medtronic Ireland's right [redacted] "has nothing to do with the making, using, selling,

offering to sell, or importing of the patented invention" and "cannot confer constitutional standing." *Id.* (citing *Morrow*, 499 F.3d at 1339); *see* Dkt. No. 139-2, Ex. A at 5 (§ 6.1).

### B. Joinder Cannot Cure Lack Of Article III Standing

Constitutional standing must be present at the time the suit is brought. *Abraxis*, 625 F.3d at 1364. Lack of constitutional standing cannot be cured *nunc pro tunc*, including through post-complaint licensing arrangements or, relevant here, through attempts to join an exclusive licensee. *See id.* at 1367 ("despite [plaintiff's] delayed attempt to obtain title to the asserted patents, the action must be dismissed because [plaintiff] lacked standing on the day it filed the action"); *Enzo APA & Son, Inc. v. Gaepang A.G.*, 134 F.3d 1090, 1093-94 (Fed. Cir. 1998) (retroactive licensing arrangement could not cure standing defect that existed at the time the suit was brought); *Quantum Corp. v. Riverbed Tech., Inc.*, No. 07-04161, 2008 WL 314490, at *3 (N.D. Cal. Feb. 4, 2008) (dismissing complaint for lack of standing and cautioning that "rush[ing] to sue … cannot excuse the stern necessity of perfecting the required title before suit"); *Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. USA, Inc.*, No. 18-0215, 2020 WL 13303268, at *11 (D. Conn. May 11, 2020) ("joinder is not appropriate when a party fails to show that it had Article III standing at the commencement of the lawsuit"), *vacated on other grounds and remanded sub nom. Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, 19 F.4th 1315 (Fed. Cir. 2021). Indeed, without jurisdiction, the Court has no power to order Galway joined. *See Enzo*, 134 F.3d at 1094 ("Having found [counterclaim plaintiff] to be without standing for failing to join the patentee, it follows that the court lacks jurisdiction over [plaintiff/counterclaim defendant's] declaratory judgment claims under Fed. R. Civ. P. 19 for nonjoinder.").

* * *

The law does not permit Medtronic Ireland to sue for infringement based only on [redacted], in the absence of any underlying right to exclude or to forgive infringement. While Medtronic Ireland and Galway were "free to assign some or all patent rights as they see fit based on their interests and objectives, this does not mean that the chosen method of division will satisfy standing requirements." *See Morrow*, 499 F.3d at 1341 n.8. Without Article III standing, Medtronic Ireland's counterclaims must be dismissed for lack of jurisdiction.

## VI. CONCLUSION

For the reasons set forth above, Recor respectfully requests that the Court dismiss Medtronic Ireland's counterclaims for lack of subject-matter jurisdiction.

Dated: May 6, 2025

LATHAM & WATKINS LLP

By: */s/ Roger J. Chin*

ROGER J. CHIN, Bar No. 184662
roger.chin@lw.com
ALLISON HARMS, Bar No. 299214
allison.harms@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600

MATTHEW J. MOORE (*pro hac vice*)
matthew.moore@lw.com
ASHLEY M. FRY (*pro hac vice*)
ashley.fry@lw.com
JACOB VANNETTE (*pro hac vice*)
jake.vannette@lw.com
DREW W. ROBERTS, Bar No. 337164
drew.roberts@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200

RAMYA VALLABHANENI (*pro hac vice*)
ramya.vallabhaneni@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

*Attorneys for Plaintiff and Counterclaim-Defendant Recor Medical, Inc.*